FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 MAR 27 PM 12: 27

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ERIC LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CV 108-018 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| STATE OF GEORGIA and PETER | ) | |
| JOHNSON, Assistant District Attorney, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se*, apparently pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) the State of Georgia, and (2) Peter Johnson, District Attorney. (Doc. no. 1, pp. 1, 3). Although Plaintiff's complaint is confusing, it is apparent that Plaintiff was convicted of rape in July of 1987. (Id.). Plaintiff is presently seeking relief

from his allegedly wrongful imprisonment, the miscarriage of justice, and "a prompt overturn of verdict, exoneration and record cleared of charges so he may run for State Offices, federal, or military."[1] (Id. at 5). In support of his complaint Plaintiff proffers allegations of ineffective assistance of counsel during his underlying criminal trial. Moreover, Plaintiff argues he now has new evidence that he believes will exonerate him of all charges. (Id. at 3-5).

## II. DISCUSSION

The Supreme Court has held that when a plaintiff's allegations rest on the invalidity of some portion of his conviction or sentence a § 1983 claim does not accrue until that invalidity is proven. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In other words, a claim for monetary damages or injunctive relief that challenges Plaintiff's criminal conviction is not cognizable under § 1983 unless Plaintiff "prove[s] that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Plaintiff claims that his constitutional rights were violated during his underlying criminal proceedings because he had ineffective assistance of counsel. He also contends that he now has conclusive evidence that will exonerate him of his criminal conviction. Plaintiff's allegations are aimed at undermining his criminal conviction, but, its invalidity has not been proven by one of the methods set forth above. Therefore, this claim is not properly brought in a § 1983 action at the present time.

---

[1]The Court notes that Plaintiff is not currently incarcerated. (Doc. no. 2, p. 2).

2

Moreover, Plaintiff names as Defendant the State of Georgia. The Court notes however, that the State of Georgia is immune from suit under § 1983. See, e.g., Kitchen v. CSX Transp., Inc., 6 F.3d 727, 731 (11th Cir. 1993) ("The state of Georgia is immune to suit for any cause of action unless sovereign immunity is expressly waived by constitutional provision or statute."); see also Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*) (suit against State under § 1983 barred by Eleventh Amendment).

Additionally, Defendant Johnson the Assistant District Attorney who apparently prosecuted Plaintiff, is entitled to immunity.[2] "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes the initiation and pursuit of criminal prosecution." Id. The allegations against Defendant Johnson, the Assistant District Attorney, only pertain to his traditional duties as counsel for the State in Plaintiff's criminal case, and therefore, he would be entitled to absolute immunity. Accordingly, Plaintiff's claims against Defendant Johnson would also be subject to dismissal.

As Plaintiff has not stated any cognizable claims in his complaint, the instant suit should be dismissed.

---

[2]It is not clear from Plaintiff's complaint whether he intended to bring a claim against the District Attorney or the Assistant District Attorney. Plaintiff lists as Defendants in his complaint "the State of Georgia, and Assistant District Attorney Peter Johnson of 1987 or present District Attorney of Georgia." (Doc. no. 1, p. 3). As both the District Attorney and Assistant District Attorney are entitled to prosecutorial immunity, Plaintiff has not stated a cognizable claim against either one.

3

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 27th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE